## JACKMAN vs. BENTLEY.

1. In a suit before a Justice of the Peace against a Constable for collecting illegal fees on an execution, the execution was described as in favor of A. against B. and C., and of date November 1, 1843. The one offered in evidence was in favor of A., *assignee* of D. and E., and against B. and C., of date November 6, 1844. The description is sufficient.

2. A constable who, after his term of office has expired, claims and collects as constable, illegal fees, is responsible for the penalties imposed by law, and can not say that he did not collect as an officer.

## APPEAL from Howard Circuit Court.

CLARK, *for Appellant, insists :*

1st. The judgment with the endorsements thereon, read in evidence, were variant from those set out in the plaintiff's account filed with the Justice, and therefore ought not to have been read. The judgment and execution set out in the account was in favor of Samuel C. Major—the one read was in favor of Major as assignee of Boon & Bumgardner, the execution upon which the illegal fees were charged to have been collected, is charged in the account to have been issued on the 1st of November, 1843, the one read was issued the 6th of November, 1844. See Rev. Code for 1844-5, page 639.

2nd. The penalty given for charging and receiving illegal fees, in the 38th section of the act of the Legislature, found in the act concerning fees, at page 506, in the Revised Code of 1844-5, relates to fees collected by individuals as *officers,* and we think does not embrace cases of illegal collections or claims by any person not in office at the time. If any individual, after his office

expires, claims or receives illegal fees, he would only be liable as other persons claiming and receiving what did not belong to them.

LEONARD *for Appellee*.

NAPTON, J., *delivered the opinion of the Court*.

This was an action brought originally in a Justices' Court to recover the amount of illegal fees alleged to have been collected from the plaintiff, together with the penalties imposed on such extortion by the 38th section of the act regulating fees. The account filed with the Justice exhibited seven items of costs collected from Bentley, (the plaintiff,) on an execution issued from the office of A. J. Herndon, a Justice of the Peace of Howard County, in favor of Samuel C. Major, and against Patrick Orr and Samuel Bently, on the 6th November, 1843. The penalty of five dollars on each item was also charged in the account, making the total amount charged against defendant, forty dollars. The plaintiff recovered a judgment for this sum before the Justice, and upon an appeal to the Circuit Court, a new trial took place, which again resulted in a verdict and judgment for the plaintiff.

Upon the trial in the Circuit Court, the plaintiff gave in evidence the judgment before Herndon, and the execution issued thereon, which was in favor of Major's *assignee of Boon & Bumgardner*, against said Bentley and Orr, and was issued in November, 1844.

It appeared that this execution had been issued to the defendant, Jackman, whilst constable of Moniteau township, and been twice renewed, and that after said defendant's term of office had expired, he called upon the Justice to have the execution again issued for his costs, the debt and damages having been previously paid. The execution was accordingly again issued, delivered to the defendant, and by the defendant placed in the hands of S. Stemmons, (his successor in office,) who collected the fees which purported to be due thereon. There was evidence tending to show that defendant had previously collected from Orr, one of the defendants in said execution, these same costs which he thus caused to be collected by Stemmons, his successor.

The Court gave instructions to the jury declaring the defendant to be liable for the costs and penalties, if they were of opinion that these costs had been collected by him whilst constable, and that he caused them subsequently to be collected a second time by his successor. The defendant asked for instructions, which declared the law to be that the

defendant was not liable unless he received or collected the costs a second time whilst he was in office, and that the penalty of five dollars on each item did not attach, if the costs were collected the second time by defendant's successor in office.

The appellant has presented two points for our consideration; the first founded upon a supposed variance between the writ of execution offered in evidence, and the one described in the plaintiff's account, and the second relating to the instructions given by the Circuit Court.

The bill of items which the plaintiff is required to furnish before the Justice is authorized to issue his writ, was doubtless designed to apprise the opposite party of the character of the suit, so as to enable him to prepare for his defence. It is not supposed, however, that any great nicety is requisite in its preparation, or that it is to be viewed with the strictness of a common law declaration. The mistakes, in the present instance, which occurred in the date of the execution and in the style of it, were entirely immaterial. The defendant was as well apprised of the charges he was called upon to meet, by having his attention directed to an execution issued in favor of Major vs. Orr and Bentley, as he would have been had the execution been more exactly described. The description, as far as it went, was correct, and the mistake in the date was not likely to mislead any one.

The principal point in this case arises out of the instructions. The appellant contends that as these fees were collected by his successor, and after the expiration of his official term, they cannot be regarded as fees " demanded, charged or received by *an officer*," and their collection therefore does not subject him to the penalty affixed by the statute to extortion. It is true, that when these fees were collected the second time, the defendant was not in office, yet they were collected by him as an officer, had become due to him in that capacity, and in this capacity alone he was entitled to the benefit of that summary mode of collection with which the law had favored him, notwithstanding the expiration of his term of office. Had the amount of these fees been claimed by Jackman as a private citizen, he must have resorted to the customary mode of enforcing his demand by suit, but as he claimed these fees as an officer, and by virtue of this character was authorized by the law to place them in the hands of successor for collection, it does not now lie in his mouth to disclaim his official character with a view to avoid the penalties with which the law has visited his official delinquency.

The other Judges concurring, the judgment is affirmed.